UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| OSCAR SMITH, JR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | 3:10-CV-158-PPS-CAN |
| v. | ) | |
| | ) | |
| DR. BALL and DR. ALLEN, | ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION AND ORDER**

This matter is before the Court on an amended complaint that Plaintiff Oscar Smith, Jr., a *pro se* prisoner, filed under 42 U.S.C. § 1983 [DE 6].

Pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted.

Courts apply the same standard under Section 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under this standard, a complaint must contain enough to state a claim for relief that is plausible on its face, and raise the right to relief above the speculative level. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. In deciding whether the complaint states a claim, I must bear in mind that "[a] document filed *pro se* is to be liberally construed,

and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Here, Smith alleges that Dr. Ball, a psychiatrist at Westville Correctional Facility, and Dr. Allen, the facility's medical administrator and Dr. Ball's supervisor, were deliberately indifferent to his medical needs when they abruptly cut off a medication he had been taking for five years for mental illness. Specifically, Smith alleges that he has been diagnosed with paranoid schizophrenia, obsessive compulsive disorder, and bipolar disorder, and has been prescribed multiple medications while housed at the Indiana Department of Correction ("IDOC"), including the drug Artane, for the past five years. He asserts that Artane works to counteract the side effects of other medications he is taking, and that there is only one other such medication available, Cogentin, which he claims he cannot take. He further alleges that he has Hepatitis C, which complicates his ability to take certain medications.

Smith asserts that on April 13, 2010, Dr. Ball "without reason or merit" discontinued his Artane "without talking to him or calling him out of his cell" [DE 6 at 3]. He alleges that as a result, he suffered "major withdrawal symptoms" over the next several days, including experiencing a seizure on April 16, 2010, which "left him on his cell floor," and that he ultimately experienced a "mental breakdown" [*Id.*]. He states that he "simply can't put into words just what a shock it was to his system at being cut off (suddenly) and abruptly from a[n] antipsychotic medication that he had been taking every day for 5 years," and that he "felt as if he

2

was going to die" [*Id.* at 4]. Smith alleges that approximately two weeks later, he was able to speak with Dr. Ball. He claims that he asked Dr. Ball why he didn't come speak with him earlier. According to Smith, Dr. Ball replied "that he did not want to witness the suffering" [*Id.* at 3]. Dr. Ball allegedly stated that his supervisor, Dr. Allen, told him to discontinue Smith's Artane. Smith claims he told Dr. Ball about a prior lawsuit he had filed over his Artane while housed at New Castle Correctional Facility, and that as a result of the suit he was again prescribed Artane.[1] Smith alleges that, after their conversation, Dr. Ball went to speak with Dr. Allen about the matter, but both doctors subsequently refused to put him back on Artane. He alleges that he "continues to suffer today" as a result of their actions, that both defendants are aware of his suffering, and that he needs Artane to control the side effects of his other medications [*Id.* at 4].

Inmates are entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability under the Eighth Amendment, a prisoner must show: (1) that his medical need was objectively serious; and (2) that the official acted with deliberate indifference to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that "a physician has diagnosed as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference is a high standard,

---

[1] Smith filed a lawsuit in 2008, while he was housed at the New Castle Correctional Facility, after his Artane was discontinued. [*See Smith v. Ranocheck, et al.* 1:08-CV-1278 (S.D. Ind. filed Sept. 23, 2008).] Artane was discontinued at that facility due to widespread abuse, but Smith was later put back on Artane in crushed form [DE 34 in 1:08-CV-1278]. Summary judgment was granted for the defendants in that case based on Smith's inability to show deliberate indifference [*Id.*].

3

and is "something approaching a total unconcern for a prisoner's welfare in the face of serious risks," or a "conscious, culpable refusal" to prevent harm. *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992); *see also Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) ("[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.") (internal citations omitted).

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Negligence, incompetence, or even medical malpractice do not amount to deliberate indifference. *See Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004); *Walker v. Peters*, 233 F.3d 494, 499 (7th Cir. 2000). Where the defendants have provided care for a prisoner's medical condition, in order to establish deliberate indifference the prisoner must show that "the defendants' responses to [his condition] were so plainly inappropriate as to permit the inference that the defendants intentionally or recklessly disregarded his needs." *Hayes v. Synder*, 546 F.3d 516, 524 (7th Cir. 2008).

Here, Smith alleges an objectively serious medical need. He alleges that he has been diagnosed with multiple mental illnesses that require medication, and that he needs Artane to control the side effects of the other medications he is taking. Giving Smith the inferences to which he is entitled at this stage, he also satisfies the subjective prong of the test. He alleges

4

facts which, if true, suggest that Dr. Ball was more than just careless or negligent in his treatment. Specifically, Smith alleges that Dr. Ball abruptly discontinued his medication knowing that such action was not medically advised and with full knowledge of the harm that could result. Smith further alleges that Dr. Ball deliberately avoided him during this period so that he would not have to see the "suffering" he knew Smith would be experiencing. Smith further alleges that Dr. Ball's actions resulted in him experiencing severe withdrawal symptoms, including a seizure and a mental breakdown, and that he is still experiencing negative side effects without the Artane. Smith has stated enough to proceed on an Eighth Amendment claim against Dr. Ball.

With respect to Dr. Allen, there is no general supervisory liability under Section 1983, but a supervisor can be held liable when he approves of a subordinate's conduct or is personally involved in that conduct. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Smith has alleged that Dr. Allen approved of Dr. Ball's conduct, directing Dr. Ball to cut off Smith's Artane without justification and knowing that Smith would be harmed. Smith further alleges that Dr. Allen was made personally aware of the resulting harm to Smith, but did nothing to remedy the situation. Giving Smith the inferences to which he is entitled at this stage, Smith has stated enough to proceed on an Eighth Amendment claim against Dr. Allen.

For the foregoing reasons, the Court:

(1) **GRANTS** leave to Plaintiff Oscar Smith, Jr. to proceed on an Eighth Amendment claim against Dr. Ball and Dr. Allen, in their individual capacities, for compensatory damages and injunctive relief for discontinuing Smith's use of the medication Artane in April 2010;

(2) **DISMISSES** all other claims;

(3) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Dr. Ball and Dr. Allen; and

(4) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Dr. Ball and Dr. Allen respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claim for which the *pro se* Plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED**.

ENTERED: July 7, 2010

/s/ Philip P. Simon  
PHILIP P. SIMON, CHIEF JUDGE  
UNITED STATES DISTRICT COURT